UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO 23-CR-216 (JWB/DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA,   )   <br> ) <br> Plaintiff    ) <br> ) <br> ) <br> ) <br> v.    ) <br> ) <br> ANDREW JOHN GROEN    ) <br> ) <br> Defendant    ) | <br><br><br><br><br><br>DEFENDANT'S <br> MEMORANDUM IN SUPPORT <br> OF PRETRIAL RELEASE |

## INTRODUCTION

Defendant Andrew John Groen, through his undersigned counsel, submits this memorandum to support his request for pretrial release that he will make at the detention hearing scheduled before this Court on June 15, 2023. As set forth below, there are conditions and/or a combination of conditions that can reasonably assure Mr. Groen's future appearance and the safety of the minor at the center of the allegations and the community as a whole.

## PROCEDURAL AND FACTUAL BACKGROUND

1. Mr. Groen is 34 years old and has lived in Minnesota all of his life. Mr. Groen's immediate family, including his parents and most of his immediate family all live in Minnesota. He does not have a United States passport. Mr. Groen is currently employed as a carpenter and has worked in the construction field all of his life. He has also worked as a farmer.

2. Mr. Groen is in good physical health. In addition, he has no history

1

of alcohol or drug dependency or use of illegal substances.

3. If Mr. Groen is released, he will be able to live with his parents, Harold and Norma Groen, who live on a farm approximately five miles from Royalton, Minnesota.

4. On or about January 9, 2023, Mr. Groen was charged in Kandiyohi County District Court with Distribution of Electronic Material that Relates/Describes Sexual Conduct to a Child. This offense involves the same conduct giving rise to the current federal charges. Prior to this charge, Mr. Groen's criminal history consisted of a 2014 traffic offense and a 2021 guilty plea to a misdemeanor offense involving the solicitation of what Mr. Groen thought was an adult prostitute during an undercover sting. Mr. Groen was on probation for the latter offense at the time he was arrested and charged in Kandiyohi County.

5. On or about January 10, 2023, Mr. Groen elected to post a bond secured by a payment of $2,000.00 that required him to reply with certain conditions. These conditions included staying in contact with probation, having no contact with alleged victim, having no contact with other females under age 18 without supervision, and to otherwise comply with a Domestic Abuse No Contact Order (DANCO Order) issued by the Kandiyohi District Court on January 9, 2023.

6. Mr. Groen was in full compliance with these conditions at the time of his federal arrest in June 2023.

7. An indictment unsealed in the District of Minnesota on or about June 8, 2023, charged Mr. Groen with two counts of production and attempted

production of child pornography arising from the same allegations underlying the Kandiyohi County charges. (Indictment, ECF No. 1) Mr. Groen made his initial appearance before this Court on June 13, 2023, and was ordered detained pending a detention hearing. (See Initial Appearance Minutes, ECF No. 7

## LEGAL STANDARDS

8.  Pretrial release should only be denied for "the strongest of reasons." *Truong Dinh Hung v. United States*, 439 U.S. 1326, 1329 (1978). Indeed, it is well understood that, when Congress enacted the Bail Reform Act, it retained the preference for the release of most defendants prior to trial. *See United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors non-detention."). Given that fact, the provisions of the Bail Reform Act should be narrowly construed in favor of release. *See, e.g.*, *United States v. Singleton*, 182 F.3d 7, 23 (D.C. Cir. 1999); *United States v. Hinote*, 789 F.2d 1490, 1941 (11th Cir. 1986) (It is required "that we strictly construe provisions of the Bail Reform Act of 1984).

9.  Pretrial custody works an unfair hardship and hindrance to the preparation of a defendant's defense. The interlude between arraignment and trial is "perhaps the most critical period of the proceedings ... when consultation, thorough going investigation and preparation .... [are] vitally important...." *Powell v. Alabama*, 287 U.S. 45, 57, 53 S. Ct. 55, 59 (1932). Being in custody during this time period presents a distinct disadvantage:

> *A defendant free on bail or on his own recognizance can make good use of this liberty. He is available on a twenty-four hour basis to consult and participate fully with counsel in time-consuming preparations for trial. He alone may be able to locate and persuade defense witnesses to testify. He is often the key source of factual details on which to base pretrial motions and*

*negotiations. He can assist in tracking down evidentiary leads. Authorities recognize that prior detention hobbles adequate preparation for trial.*

*United States v. Gallo*, 653 F. Supp. 320, 337 (E.D. N.Y. 1986), citing Wald, 39 N.Y.U.L.Rev. at 633.

10. The government must establish that a defendant either poses a danger to the community by clear and convincing evidence or a risk of flight by a preponderance of the evidence. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). When evaluating whether pretrial detention is appropriate, a district court considers: (1) the nature and circumstances of the alleged crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, employment, community ties, financial resources, and past conduct; and (4) the seriousness of the danger to the community or to an individual. *See* 18 U.S.C. §3142(g); Abad, 350 F.3d at 797. Analysis of these factors establishes that pretrial release with conditions is appropriate.

**The nature and circumstances of the offense charged.**

11. Mr. Groen is charged with a serious crime involving a minor and the production of child pornography. In additions, there are circumstances surrounding the alleged offense, the specifics of which will not be mentioned here to protect the alleged victim, that are particularly unsavory. Notwithstanding these circumstances, defendants charged with such crimes deserve an individualized determination concerning whether detention or release is appropriate. *See United States v. Stephens*, 594 F.3d 1033, 1039 (8th Cir. 2010)

("Section 216 [of the Adam Walsh Act] does not deprive child pornography defendants of a detention hearing or an individualized determination whether detention or release is appropriate."). Thus, while this factor favors detention, this Court should not find that it is dispositive.

**The weight of the evidence against defendant.**

12. While Mr. Groen's counsel has not had sufficient time to assess the strength of the evidence, it appears likely from the bond report and communications with counsel for the Government that the evidence against him is significant. At this stage in the proceedings, however, this Court should not be concerned with Mr. Groen's guilt or innocence. *See 18 U.S.C. § 3142(j)* ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence."). Instead, this Court must assess whether there is a set of conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." *18 U.S.C. § 3142(g)*. Moreover, while "numerous courts have recognized that the seriousness of the charge and the weight of the evidence can create a strong incentive for a defendant's flight," Mr. Groen does not anticipate that the Government will contend that Mr. Groen is a flight risk. *See United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 236 (D.P.R. 2009); Thus, while the Government may assert that the evidence against Mr. Groen is strong, this factor does not preclude a finding that a set of conditions will reasonably assure the safety of individuals and the community.

**Defendant's personal history and characteristics**

13.     Mr. Groen's personal history and characteristics weigh in favor of release. He is a lifelong resident of Minnesota and has significant family ties to the area. He does not possess a passport. He is currently employed and has been employed in the construction field his entire adult life. He is firmly rooted to Minnesota. In addition to these ties to Minnesota, Mr. Groen has no history of drug or alcohol abuse, no criminal history involving substance abuse and a very limited criminal history.

14.     Because of these and other circumstances, Mr. Groen was able to obtain pretrial release in Kandiyohi County by paying $2,000.00 to purchase a bond and agreeing to comply with conditions. Mr. Groen has fully complied with all of these conditions, in particular the provisions precluding contact with the alleged victim and all other minor females under age 18.

**The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.**

15.     A defendant must be released pretrial if there is *any* condition or combination of conditions that "will *reasonably assure* . . . the safety of any other person or the community." § 3142(b); *See, e.g.*, *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990) ("[C]ourts cannot demand more than an 'objectively reasonable assurance of community safety.'") (quoting *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir. 1985) (en banc))).

16.     Because this case involves a minor victim, there is a rebuttable presumption that no conditions can reasonably assure the safety of the community

6

if Mr. Groen is released. *See* 18 U.S.C. 3142(e)(3)(E). "[A] defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community . . . ." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436, (2d Cir. 2001)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id*. If the presumption is rebutted, the government bears the burden to prove by clear and convincing evidence that no conditions can reasonably assure the safety of the community if a defendant is released. See 18 U.S.C. §3142(f).

17. Mr. Groen's extensive ties to Minnesota, his stable employment history, scant criminal history, absence of any history of alcohol or drug abuse and, most significantly, his full compliance with all the terms and conditions of pretrial release in Kandiyohi County, and other circumstances all serve to both rebut the presumption and establish that there are conditions and/or a combination of conditions that will reasonably assure the safety of the community and his future appearance.

## CONCLUSION

18. For the reasons stated above and in arguments that will be presented at his detention hearing, Mr. Groen respectfully requests that this Court order he be released prior to trial on whatever conditions this Court deems appropriate.

Dated: June 14, 2023.

                               **JOHNSON & GREENBERG, PLLP**

                               s/Lee R. Johnson_____
                               Lee R. Johnson #189935
                               5775 Wayzata Boulevard
                               Suite 700
                               St. Louis Park, MN 55416
                               (952) 545-1621

                               Attorney for Defendant
                               Andrew John Groen